UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RAQUEL HARO,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF PORTER INDIANA, a municipal entity, PORTER COUNTY SHERIFF'S DEPARTMENT, a municipal entity, and DARROLYN S. BRADLEY, individually and in her official capacity as a Porter County Jail Correctional Officer,<br><br>            Defendants. | CAUSE NO.: 2:21-CV-131-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Federal Rule of Civil Procedure Rule 60(a) Motion to Revise Docket Number 33 [ECF No. 34]. Although the Court finds that the judgment is sufficient, for the reasons set forth below, the Court grants the Motion.

On September 29, 2023, the Court issued an Opinion and Order [ECF No. 32] granting the Defendants' Motion for Summary Judgment and directing the Clerk of Court to enter judgment against the Plaintiff Raquel Haro and in favor of the Defendants Darrolyn S. Bradley, Porter County, and the Porter County Sheriff's Department. On the same day, the Clerk of Court entered judgment on Form AO 450, including the following statement: "The court has ordered that . . . JUDGMENT IS ENTERED in favor of the Defendants, County of Porter Indiana, Porter County Sheriff's Department, Darrolyn S Bradley and against Plaintiff, Raquel Haro." ECF No. 33.

On October 24, 2023, the Plaintiff filed the instant Motion, requesting that this Court enter a revised judgment that complies with Rule 58 of the Federal Rules of Civil Procedure,

citing Rule 58 generally. The Plaintiff argues that "the Judgment does not contain language to clearly establish the finality of the case, such as language stating that the case was closed or all claims were dismissed." ECF No. 34 at 2. The Plaintiff requests that the Court enter a revised judgment to indicate the finality of the case.

Rule 58(b)(1)(C) provides that "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court denies all relief." Fed. R. Civ. P. 58(b)(1)(C). The Court denied all relief in its September 29, 2023 Opinion and Order. *See* ECF No. 32. Thus, pursuant to Rule 58(b)(1)(C), the Clerk of Court prepared, signed, and entered judgment. *See Selective Ins. Co. of S.C. v. City of Paris*, 769 F.3d 501, 507 (7th Cir. 2014) (explaining that the district court's order "contained all of the standard indicia of finality" and that "a separate entry on the court's docket was made that same day"). The Clerk of Court's entry was made on the same day as the Court's Opinion and Order "on Form AO 450—the form specifically used for entry of a separate final judgment under Rule 58." *Id.*; *see also Brown v. Fifth Third Bank*, 730 F.3d 698, 701 (7th Cir. 2013) ("The clerk could without difficulty have complied with Rule 58, as all that compliance requires is filling out form AO 450 . . . .").

On October 27, 2023, the Plaintiff filed a Notice of Appeal [ECF No. 35]. On November 6, 2023, the United States Court of Appeals for the Seventh Circuit issued an order stating "[a] preliminary review of the short record indicates that judgment may be deficient." *Haro v. Porter County*, No. 23-3091 (7th Cir. Nov. 6, 2023). The Seventh Circuit explained that the "judgment must provide relief to which the prevailing party is entitled," citing *Hyland v. Liberty Mutual Fire Insurance Co.*, 885 F.3d 482, 483 (7th Cir. 2018), and *Exelon Generation Co., LLC v. Local 15, International Brotherhood of Electrical Workers, AFL-CIO*, 540 F.3d 640, 643–44 (7th Cir. 2008).

In *Hyland*, the plaintiff claimed that the defendant was liable to pay a $4.6 million state court judgment on behalf of the defendant's insured. 885 F.3d at 483. The district court concluded in an opinion that the defendant was liable to the plaintiff for the entire state court judgment. *Id.* The district court's corresponding entry of judgment read as follows:

> IT IS ORDERED AND ADJUDGED that the Plaintiff, Shannon Hyland's, Motion for Summary Judgment [19] is GRANTED in full. The Defendant, Liberty Mutual Fire Insurance Co.'s, Motion for Partial Summary Judgment on Damages [20] is DENIED. Judgment is entered in favor of the Plaintiff and against the Defendant. Case closed.

*Id.* The Seventh Circuit found that the district court's judgment did not "provide the relief to which the prevailing party is entitled." *Id.* The court cited *Cooke v. Jackson National Life Insurance Co.*, 882 F.3d 630 (7th Cir. 2018), as an example of a deficient judgment "because the district judge had yet to decide how much the defendant must pay." *Id.* at 484. Also finding that the plaintiff was not entitled to recover more than the $25,000 policy limit, the Seventh Circuit in *Hyland* "remanded for the entry of a judgment for $25,000 plus interest at 9% per annum from July 28, 2014, until the date of payment." *Id.* at 487.

In *Exelon*, a group of plaintiffs filed a complaint for declaratory judgment, and the plaintiffs and the defendant filed cross-motions for summary judgment. 540 F.3d at 644. In an opinion, the district court "determined that plaintiffs were not entitled to the declaratory relief sought in their complaint and directed the clerk to enter judgment in favor of the defendant." *Id.* The court entered a minute order stating,

> For the reasons set forth in the Memorandum Opinion and Order, the Court grants defendant's motion for summary judgment (34) and denies plaintiffs' motion for summary judgment (39). Defendant's motion to compel discovery is terminated as moot (29). The clerk is directed to enter judgment in favor of the defendant.

*Id.* The clerk's entry of judgment read,

> IT IS HEREBY ORDERED AND ADJUDGED that the Court grants defendant's motion for summary judgment and denies plaintiffs' motion for summary judgment. Judgment is entered in favor of the defendant.

*Id.*

On appeal, the issue before the Seventh Circuit was whether the district court had entered a final judgment. *Id.* at 643. The court explained that "*[u]nless the plaintiff loses outright*, a judgment must provide the relief to which the winner is entitled . . . [and] specify what matters: the consequence of the judicial ruling." *Id.* (emphasis added) (quoting *Rush Univ. Med. Ctr. v. Leavitt*, 535 F.3d 735, 737 (7th Cir. 2008)). The Seventh Circuit concluded that the judgment was final but indicated "it would have been clearer had the judgment indicated that the plaintiffs would take nothing and that the case was dismissed." *Id.*

Here, the judgment appears similar to the judgment in *Hyland* because both state the court's ruling on summary judgment and enter judgment in favor of one party and against the other. In *Hyland*, however, the court *granted* the Plaintiff monetary relief, yet the monetary relief was not specified in the judgment. Here, in contrast, the Court granted the Defendants' motion for summary judgment, meaning the Plaintiff was not entitled to the relief she sought and there was no relief to be specified. *See* Fed. R. Civ. P. 58(b)(1)(C).

The Seventh Circuit's opinion in *Exelon* confirms there was no relief to be specified in the instant judgment. The *Exelon* court explained that "[u]nless the plaintiff loses outright, a judgment must provide the relief to which the winner is entitled." 540 F.3d at 643 (citation omitted). Here, the Plaintiff lost outright, which is indicated by the Clerk of Court's entry of judgment in favor of the Defendants and against the Plaintiff.

Thus, the Court finds that the Clerk of Court's entry of judgment was sufficient. However, the Court recognizes the opportunity to add clarity to the entry of judgment. In *Exelon*, the Seventh Circuit stated, "it would have been clearer had the judgment indicated that the

4

plaintiffs would take nothing and that the case was dismissed." *Id.* at 644. As in *Exelon*, the Plaintiff here also takes nothing by her Complaint, and the judgment may offer additional clarity by stating so.

For the foregoing reasons, the Court hereby GRANTS the Plaintiff's Federal Rule of Civil Procedure Rule 60(a) Motion to Revise Docket Number 33 [ECF No. 34]. The Court DIRECTS the Clerk of Court to revise the judgment [ECF No. 33] to add the language, "The Plaintiff takes nothing by her Complaint."

SO ORDERED on November 27, 2023.

                                       s/ Theresa L. Springmann
                                      JUDGE THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT